IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-00725-RPM

RAYMOND LANFEAR,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

On October 27, 2003, Raymond Lanfear submitted a letter of resignation to his employer, Home Depot, using these words:

> After careful consideration, I have decided to voluntarily quit for personal reasons, effective Nov. 2nd, 2003.  Ray Lanfear store manager Durango, Home Depot 1534.

In this civil action,  Lanfear claims that he was constructively discharged from his position as store manager of the Durango Home Depot store in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630 *et seq*.  After full discovery, Home Depot moved for summary judgment of dismissal, contending that the plaintiff does not have sufficient evidence to support his claim.

The undisputed facts set forth in the Scheduling Order of July 15, 2005, include the following:

Lanfear was born on February 10, 1943.

Lanfear began working for Home Depot on August 31, 1992.

When Lanfear was hired in 1992, he was hired as an assistant store manager of a Home Depot store in California.

On September 24, 1998, Lanfear was transferred to a Home Depot store in Grand Junction, Colorado.

On December 2, 2002, Lanfear was transferred to a Home Depot store in Durango, Colorado where he was promoted to store manager.

The Durango Home Depot store opened for business in February, 2003.

The district manager for the Durango Home Depot store was Dan Golec. On May 31, 2003, Golec issued Lanfear a counseling reprimand regarding store appearance and out of stock conditions.

On or about May 31, 2003, Golec approved a night crew shift.

On August 5, 2003, Golec issued a memorandum regarding Lanfear's alleged performance deficiency.

Approximately one week after Lanfear was placed on medical leave, Home Depot hired a new store manager for the Durango store, Matt Nichols.

Nichols was less than 40 years of age.

To prove his ADEA claim, Lanfear must show that Home Depot deliberately made or allowed working conditions for him such that a reasonable person in his situation would find them so intolerable that he had no other choice but to resign. *MacKenzie v. City and County of Denver,* 414 F.3d 1266, 1281 (10th Cir. 2005). Viewing the material submitted by the parties on the pending motion as admissible evidence and considering all reasonable inferences as favoring the plaintiff, there is

insufficient evidence to submit this claim to the jury.  Therefore the motion will be granted.

The new store opened in Durango was classified as a "low volume store" based on the initial forecast of its expected annual volume of sales.  That classification determined the staffing for the store.  The sales in the first few months exceeded the forecast in an amount which would have justified an additional assistant store manager but none was assigned until after Lanfear went or a paid medical leave of absence on August 5 2003,[1] for stress as a result of being told by Golec that termination could result from continuing lack of improvement in store conditions.  Golec was the District Manager for Home Depot stores in Colorado Springs and Pueblo in addition to the Durango store.

Golec did a routine walk through with Lanfear on May 31, 2003, noting deficiencies in store appearance and stocking for which a verbal warning was given, and documented by a Performance Discussion Tracking Form, detailing the deficiencies.  Exhibit C.  On June 5, 2003, District Loss Prevention Manager Kelly Schieno and Regional Loss Prevention Manager Daren Masten visited the Durango store and noted deficiencies.  Exhibit D.  Schieno was again at the store on June 11, 2003, and completed a Loss Prevention Store Visit Summary, identifying issues and actions to be taken.  Exhibit E.

The District Safety Manager, Ilene S. Presworsky made a safety operational

---

[1] There is some confusion in the record as to when the third assistant manager arrived at the store.

review of the Durango store, giving a failing score on identified issues with requirements for action to be taken in a memorandum to Lanfear dated June 18, 2003. Exhibit G.  Visiting Human Resources Manager Linda Harrison conducted a "town hall meeting" with the Durango store employees on June 20, 2003, several of whom expressed their negative opinions of the store's managers.

On July 2, 2003, Lanfear was given a Performance and Development Summary, specifying "Key Development Needs" and "Development Plans" for improvement. Exhibit I.  In his handwritten comments on that document, dated July 2, 2003, after explaining his lack of staffing and experienced employees, Lanfear said:

> Having a turnover rate of approx 40-50% for a new store has not helped either.  However , I will address my issues and game plan 100% immediately and do my best to make 1534 among the best in the district, division and company!!

On July 22, 2003, Golec talked with Lanfear about progress on his performance improvement plan and specifically noted deficiencies observed in a walk through of the store.  Exhibit L.

Golec returned to the store on August 5, 2003, and found deficiencies in store appearance and out of stock condition even though a night crew had been provided. Golec told Lanfear that because he had regressed rather than improved, Golec would have to make a decision soon as to a course of action, including termination.  Exhibit M.

Lanfear went on medical leave on August 5, 2003, and never returned to the Durango store.

Lanfear has testified that he was so stressed and distraught that he required

4

hospitalization because he interpreted his conversation with Golec as giving him no options except to resign or be fired.  The plaintiff has suggested that a decision was made in May, 2003, to transfer the Durango store from Golec's supervision to the district supervised by Jason Grasser who supervised a store in Montrose which opened in May, 2003, because that would alleviate the travel burden on Golec.  Grasser was approximately 30 years old.  He selected Matt Nickles, age 25, as Lanfear's replacement.

The plaintiff suggests that the criticisms of his job performance all came after the decision to transfer the Durango store to Grasser's district and the inference may be made that those deficiencies were aimed at removing Lanfear in favor of the younger Nickles.  That would not be a fair inference even if the premises are accepted as fact, which would be contradictory to Golec's testimony that his supervisor, Matt Young, did not decide to make the transfer until after Lanfear went on medical leave with no predictable date for return to work.

Lanfear contends that the criticisms of his performance were unjustified, offering the excuses that he had an inadequate, untrained work force; the store was geographically isolated; he did not receive adequate managerial support and other reasons.  While these may be mitigating circumstances that may warrant a finding that Lanfear was not treated fairly, that does not support a finding of age discrimination. There is no evidence that younger store managers were treated differently.  Indeed, the defendant produced Exhibits P and Q showing that a 31-year-old store manager was placed on a performance improvement plan for the same types of issues relating to

store appearance and maintenance.

Finally, it is noteworthy that Golec, the supervisor responsible for these criticisms and the delivery of what the plaintiff considered to be an ultimatum, is the same person who selected Lanfear to manage the Durango store.

In sum, the plaintiff has failed to show that the inspections and criticisms of his management of the Durango store were pretextual and motivated by his age and that they were so harassing and unfair as to cause a reasonable person in his situation to think that he had no choice but to quit.

It is therefore

ORDERED, that the defendant's motion for summary judgment is granted and the Clerk will enter judgment for Home Depot U.S.A., Inc., dismissing this civil action and awarding its statutory costs.

Dated: August 18, 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge